UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHRIS YOUNT                                    CIVIL ACTION

VERSUS                                         NO.  07-1218

RESEARCH SPECIALISTS, INC.,                    SECTION  "N"  (3)
JOSEPH GENOVESE, AND
ABC INSURANCE COMPANY

<u>**ORDER AND REASONS**</u>

Presently before the Court are Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the alternative, Motion for Summary Judgment (Rec. Doc. 26).  The Court rules on these motions as stated herein.

**I.     Background**

In this action, Plaintiff contends that his former employer, Defendant Research Specialists, Inc., and its president and sole shareholder, Defendant Joseph Genovese, improperly accessed, forwarded, and/or deleted certain of his personal electronic mail ("email") messages.  In connection with these allegations, Plaintiff has asserted claims against Defendants under 18 U.S.C.§§ 2511 and 2520 and Louisiana tort law - namely, claims for invasion of privacy, conversion, and spoliation of evidence.  Plaintiff has voluntarily dismissed the claim that he initially asserted under La. R.S. 23:967, which is Louisiana's whistleblower statute.  Both defendants in turn seek dismissal of all of the remaining claims.[1]  Defendant Genovese additionally argues that, even

_____

[1]     The Court previously heard argument on a Rule 12(b)(6) motion to dismiss filed by Defendants (Rec. Doc. 20).  At the hearing, the Court ordered that the motion be granted without

if Defendant Research Specialists, Inc., has legal liability for any of these claims, he, given his status

as a shareholder and officer of that corporate entity, should not be held personally liable to Plaintiff.

## II.   Law and Analysis

### A.   Motion to Dismiss Pursuant to Rule 12(b)(6)

#### 1.   Legal Standards

As recently discussed by the undersigned, albeit in more detail, in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J), compliance with Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Although a complaint does not need "*detailed* factual allegations, . . . more than labels and conclusions, are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* --- U.S. ---, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted) (emphasis added); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) *(quoting Twombly,* 127 S. Ct. at 1974)). In other

_____

prejudice to Plaintiff's right to file an amended complaint.   Following the filing of Plaintiff's Second Supplemental and Amended Complaint (Rec. Doc. 21), Defendants filed the instant alternative motions.

words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 127 S. Ct. at 1965.[2]  The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.  2008).

On the other hand, Rule 9 of the Federal Rules of Civil Procedure establishes certain special pleading requirements.  With allegations of fraud or mistake, Rule 9(b) requires that parties "state with particularity the circumstances constituting fraud or mistake."  Fed.R.Civ.P. 9(b).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279 (1986).  If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001).  Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate.  *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 998.

### 2.   <u>Analysis</u>

Relative to Plaintiff's claims under 18 U.S.C. §§ 2511 and 2520, the Court finds that

---

[2]      The Third Circuit Court of Appeals recently described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly,* 127 S. Ct. at 1965, 1974).

he, despite being allowed to file a second supplemental and amending complaint (Rec. Doc. 21), still has not adequately pled that an "interception" of any of his email messages, as that term is used for purposes of §2511, has occurred.  *See, e.g., Steve Jackson Games, Inc. v. United States Secret Serv.*, 36 F.3d 457, 460-63 (5th Cir. 1994) (interception of electronic communications requires simultaneous transmission and acquisition; it does not include stored electronic communications). Accordingly, Plaintiff's claims asserted under 18 U.S.C.§§ 2511 and 2520 are dismissed with prejudice.

With respect to Plaintiff's claims of invasion of privacy and conversion, the Court declines to dismiss these claims at this time.  Proper resolution of Plaintiffs' claims regarding Defendants' handling of emails transmitted to/from Plaintiff's personal email account while he was at work and during working hours requires consideration of Research Specialists' employment manual, and perhaps other written policies and procedures.  The Court is not in a position, however, to do this in connection with a Rule 12(b)(6) motion.  Further, Plaintiff's second supplemental and amended complaint alleges that Defendants also used Plaintiff's password to access personal email messages that Plaintiff transmitted or received from his own computer while at home where he certainly has a greater expectation of privacy.  Accordingly, on the showing made, the Court cannot determine that, as a matter of law, Plaintiff has no chance of recovery on these claims.

Plaintiff's allegations relative to his spoliation of evidence claim,[3] however, are not sufficiently pled so as to provide the notice, as set forth above, that is required by Rule 8.  Thus, if he wishes to proceed on this claim, he must, within ten (10) business days from the date this Order

---

[3]    *See, e.g., Longwell v.  Jefferson Parish Hosp.  Serv.  Dist.  No.  1,* 970 So.  2d 1100, 1104-05 (La. Ct. App. 5 Cir.  10/16/07) (discussing elements of claim), *writ denied*, 973 So.2d 756 (La.  2008); *Jackson v.  Home Depot, Inc.*, 906 So. 2d 721, 728 (La. Ct. App. 1 Cir.  6/10/05) (same).

is entered, rectify these deficiencies in accordance with these pleading requirements.  This will be Plaintiff's last opportunity to amend so as to sufficiently plead these claims.  Importantly, if filed, this amendment is to supersede the original, first, and second supplemental and amended complaints in that it should include all of the allegations from the earlier versions of the complaint on which Plaintiff continues to rely, as well as Plaintiff's additional amending and supplemental allegations. If no amendment is timely filed with respect to this claims, it will be dismissed with prejudice.

Turning to the issue of Defendant Genovese's alleged personal liability, the Court finds that Plaintiff's allegations relative to piercing the corporate veil – on the basis of alter ego liability and fraud – are not sufficiently pled.  The alter ego allegations are unacceptably conclusory. Although Plaintiff's opposition memorandum suggests knowledge of additional facts arguably relevant to this assertion, they are not included in his pleadings.  Further, with respect to fraud, which must be pled with particularity, Plaintiff's second supplemental and amending complaint simply suggests that Defendants caused him to participate in their fraud versus *third parties*.  Even if this is so, these allegations do not support a finding of liability in Plaintiff's favor on the basis of fraud as it has been pled in this action.  To the extent that Plaintiff can and wants to rectify these deficiencies, he may amend them as directed with the spoliation of evidence claim.  If no amendment is timely filed, however, any claims contingent on these allegations will be dismissed with prejudice.

Notwithstanding the foregoing, however, the Court declines to find that Plaintiff's claims pose no viable threat of personal liability to Mr. Genovese.  Specifically, with respect to Plaintiff's invasion of privacy and conversion claims, the Court, on the showing made, is not convinced, at least at this juncture, that Mr. Genovese, as a matter of law, owed no independent, personal duty (that is, in addition to any duty owed on behalf of Research Specialists) to refrain from

the conduct that Plaintiff's allegations attribute to him.  This is particularly so with respect to Plaintiff's assertions that Defendants used Plaintiff's password to access personal email messages that he transmitted or received from his personal email account using his home computer.

### B.      Motion for Summary Judgment

#### 1.      Legal Standards

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986);  *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553;  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986);  *Auguster*

*v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party.  *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).  Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").  Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075.  Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th

Cir. 2002).

    **2.**  <u>**Analysis**</u>

Defendants' motion is submitted, in the alternative, as a motion for summary judgment.  At this time, the Court denies this alternative request without prejudice to Defendants' right to seek summary judgment once Plaintiff has had the opportunity to make the amendments discussed above.  Further, the motion presently before the Court (Rec. Doc. 26) refers to supporting documentation that is not attached as an exhibit(s) to this motion.  Nor does the motion's supporting memoranda clearly incorporate by reference documents that already may have been filed in the record of this proceeding.  Additionally, Defendant's memoranda do not contain appropriate citations to the relevant page, paragraph, or section numbers of pertinent supporting documentation.  Under these circumstances, the Court would have to speculate regarding supporting evidence, which the Court will not do.  Finally, although the Court does not fully understand the reason for the delay, the parties apparently have been and still are engaging in discovery arguably necessary for a proper summary judgment resolution.  Indeed, the Court has been apprised that Mr. Genovese is scheduled to be deposed on the first or second day of October.

**III.**  <u>**Conclusion**</u>

As stated herein, **IT IS ORDERED** that Defendants' motion to dismiss (Rec. Doc. No. 26) is **GRANTED IN PART** and **DENIED IN PART**.  **IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Rec. Doc. No. 26) is **DENIED WITHOUT PREJUDICE** to their right to re-file it as ordered herein.

    **IT IS FURTHER ORDERED** that:

    (1)    Any <u>amendments required by this Order and Reasons, if made,</u> must be completed  within <u>ten (10) business days</u> from the date that the Order and

Reasons are entered into the record.  This will be Plaintiff's last opportunity to amend so as to sufficiently plead the affected claims.  Importantly, if filed, this amendment is to supersede the original, first, and second supplemental and amended complaints in that it should include all of the allegations from the earlier versions of the complaint on which Plaintiff continues to rely, as well as Plaintiff's additional amending and supplemental allegations.  If no amendment is timely filed with respect to the affected claims, they will be dismissed with prejudice.

(2)     Unless otherwise ordered, Defendants are to raise any further pleading, evidentiary, or legal deficiencies applicable to Plaintiff's claim that may be addressed by motion practice in a properly supported <u>motion for summary judgment</u> that is to be filed no later than <u>Friday, October 24,  2008</u>, and set for hearing no later than <u>Wednesday, November 19, 2008</u>.  To the extent that Plaintiff might believe summary judgment in his favor is warranted, he is to follow the same filing and hearing schedule.  The parties' submissions are to properly cite and have attached all supporting documentation.

(3)     Unless otherwise ordered, any additional discovery necessary for proper submission and opposition of the above-referenced motion(s) for summary judgment is to be <u>completed </u>on or before <u>Wednesday, November 5, 2008. </u> If any discovery disputes arise during the course of this discovery, despite the parties' and counsel's diligent and good faith efforts, the affected party(ies) <u>must</u> promptly seek the assistance of the assigned magistrate judge.  Any party failing to comply with these instructions will not be heard to complain

9

that he or it did not have adequate opportunity to conduct discovery necessary to present or oppose a motion for summary judgment.

New Orleans, Louisiana, this 30th day of September 2008.

**KURT D. ENGELHARDT**
**United States District Judge**